**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** ____
**Send** ____
**Enter** ____
**Closed** ____
**JS-5/JS-6** ____
**Scan Only** ____

**CASE NO.: CV 12-10170 SJO (CWx)** **DATE: January 31, 2013**

**TITLE: Abel Inez Hernandez v. Kirkhill-TA Corporation, et al.**

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz<br>Courtroom Clerk | Not Present<br>Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANT:** |
| Not Present | Not Present |

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Kirkhill-TA Corporation's ("Defendant") Notice of Removal, filed November 28, 2012. Plaintiff Abel Inez Hernandez ("Plaintiff") filed his Complaint in Los Angeles Superior Court on October 19, 2012. For the following reasons, the Court **REMANDS** this action to state court.

I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was a full-time employee of Defendant beginning on February 26, 1998, until he was terminated on October 21, 2011. (Notice of Removal ("Notice") Ex. A ("Compl.") ¶ 8, ECF No. 1.) On October 19, 2012, Plaintiff filed a Complaint in Los Angeles County Superior Court, asserting the following causes of action: (1) wrongful termination based upon breach of express and implied contract; (2) wrongful termination in violation of the California Fair Employment and Housing Act; (3) harassment and retaliation in violation of California Labor Code section 132a; and (4) intentional infliction of emotional distress. (Compl. ¶ 1.)

On November 28, 2012, Defendant filed a Notice of Removal ("Notice") and removed this action from Los Angeles County Superior Court to the Central District of California, arguing that the action arises under the Labor Management Relations Act ("LMRA") and is thus within this Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Notice ¶ 8.) Specifically, Defendant states that federal question jurisdiction exists because Plaintiff's claims are preempted by the LMRA. (Notice ¶ 11.)

II. DISCUSSION

A. *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.: CV 12-10170 SJO (CWx)** **DATE: January 31, 2013**

remand the case. *Id.* § 1447(c). The Ninth Circuit has noted that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether jurisdiction exists in this case.

B. Legal Standard for Removal

Federal courts are courts of limited jurisdiction, and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Hence, removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Id.*

In determining whether removal is proper, the Court is informed by two basic principles. First, "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Second, statutes authorizing removal are to be strictly construed, with all doubts resolved against removal and in favor of remand. *Id.* This presumption is consistent with the notion that federal courts possess "the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction." *In re Foreclosure Cases*, No. 07-CV-2950, 2007 WL 3232430, at *3 (N.D. Ohio Oct. 31, 2007).

C. Federal Question Jurisdiction

Federal district courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

The "well-pleaded complaint" rule applies with equal force to the removal jurisdiction of the district courts. *Id.* at 11 n.9. Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim, including the defense of preemption. *See Caterpillar*, 482 U.S. at 393. The well-pleaded complaint rule makes a plaintiff the "master of his complaint," and a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Defendant's Notice asserts that this Court has federal question jurisdiction over this action. (Notice ¶¶ 8-11.) Defendants argue that this action arises under Section 301 of the LMRA

because it involves the application of a collective bargaining agreement ("CBA").[1] (Notice ¶¶ 10, 12.) Defendant contends that California state law claims which require interpretation of a CBA are preempted by the LMRA. (Notice ¶ 13.)

The Ninth Circuit has held that preemption of state law claims by the LMRA occurs in two scenarios: (1) if the cause of action involves a right conferred upon the employee **solely by virtue of the CBA**; or (2) if the right exists independently of the CBA, but determination of the claim is **substantially dependent on analysis of the CBA**. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Hyles v. Mensing*, 849 F.2d 1213, 1215-16 (9th Cir. 1988) ("Section 301 of the LMRA preempts claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." (internal quotation marks omitted)).

Defendant argues that Plaintiff's first cause of action, wrongful termination based on an express and implied employment contract, requires an analysis of the CBA that governed Plaintiff's employment. (Notice ¶ 16.) In his Complaint, although Plaintiff makes reference to "written documentation" (Notice Ex. A ("Compl.") ¶ 11), he does not make specific reference to a CBA (*See generally* Notice Ex. A ("Compl.")). Plaintiff refers to "oral promises" and states that he was "advised" of the following:

> (i) that as long as Plaintiff continued to do his job he would always have a job with Defendant as long as Plaintiff wished, (ii) that if there were any problems with Plaintiff's job performance or any alleged attitude or personality problems that Plaintiff would be given an opportunity to cure the problems through [Defendant's] grievance procedures, and (iii) that after such grievance procedures and an opportunity to cure the problems Plaintiff s employment would not be terminated without cause and without notice.

(Compl. ¶ 11.) Plaintiff states that he relied on both expressed and implied promises for thirteen years. (Compl. ¶ 11.)

It appears to the Court that Plaintiff's first cause of action is based on an oral agreement, separate and apart from the CBA. Defendant fails to present any evidence showing otherwise. Defendant only states that Plaintiff was a member of United Automobile, Aerospace, Agricultural Implement Workers of America, Local 179 ("UAW"). (Notice ¶ 10.) However, membership in the UAW does not necessarily mean Plaintiff was covered by the CBA. In fact, the CBA provides an extensive

---

[1] Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.: CV 12-10170 SJO (CWx)** **DATE: January 31, 2013**

list of those employees that are excluded from representation. (Decl. of Edgardo Andino in Supp. of Removal Ex. A ("CBA") ¶ 1.01.)

As such, Defendant has failed to meet its burden of establishing that removal is proper. *See Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). The Court's doubts regarding whether the determination of Plaintiff's wrongful termination claim is dependent on the CBA is resolved against removal and in favor of remand. *See Hackler v. Berkeley Bowl Produce, Inc.*, No. 10–01877 CW, 2010 WL 2764720, at *5 (N.D. Cal. July 13, 2010) (holding that "[u]nless and until Plaintiff raises issues that necessarily require an interpretation of the CBA, federal question jurisdiction does not lie").

III. RULING

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED. JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, North Valley District,
Chatworth, No. PC 053915